IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


MICHAEL TONEY, etc., et al.,

                        Plaintiff,                Case No. 3:07 CV 188

      -vs-

                                                   <u>MEMORANDUM   OPINION</u>

WACKENHUT CORPORATION, et al.,

                        Defendant.

KATZ, J.

This matter is before the Court on motions for summary judgment filed by defendants Chrysler (Doc. 47) and Wackenhut (Doc. 62).  The motions will be denied.

This case arises from the same workplace shooting incident that gave rise to this Court's previous decision in *Thacker v. DaimlerChrysler*, 2007 WL 2780561 (N.D. Ohio Sept. 24, 2007). The facts surrounding Myles Meyers's attack at the Toledo North Assembly Plant, and plaintiff Michael Toney's involvement in it, are summarized in *Thacker*, 2007 WL 2780561 at *1-*2. Michael Toney seeks to recover for the physical injuries, emotional distress, and other consequential damages he suffered as a result of the incident. He also brings a derivative claim as next friend of his minor son.  His wife, Cheri Toney, and daughter, Talor Toney, also bring derivative claims for loss of society, etc., arising from Michael Toney's injuries. Defendant Wackenhut provided security at the Toledo North plant pursuant to a contract with Chrysler.

This Court previously found that genuine issues of material fact precluded granting summary judgment to Chrysler as to its liability for negligence in regard to Thacker's death. See *Thacker*,  2007 WL 2780561 at *3-*6.  Chrysler urges that *Thacker* is distinguishable because "[u]nlike the case of [*Thacker*], this case presents the plaintiff's own testimony that he, a member of Chrysler management, did not believe or even suspect Meyers was a dangerous individual."

(Doc. 85 at 3).  But in the *Thacker* opinion, this Court specifically rejected the argument that because no single Chrysler employee knew of the danger posed by Meyers, it was entitled to summary judgment as to the plaintiff's intentional tort claim: "The law does not require for a finding of liability that a single employee or unit of DaimlerChrysler had the actual knowledge of danger, but rather that the company itself or its employees or units had actual knowledge." *Thacker*, 2007 WL 2780561 at *5.  While Toney's own testimony as to Meyers's knowledge might provide fodder for a strong cross-examination, it does not provide a basis for distinguishing *Thacker*.  Therefore, Chrysler's motion for summary judgment is denied.

This Court also previously found that genuine issues of material fact precluded granting summary judgment as to Wackenhut for its liability for negligence in connection with Thacker's death.  *Thacker*, 2007 WL 2780561 at *7-*8.  While Wackenhut, like Chrysler, urges that the Court's analysis in *Thacker* should not be followed as to Toney's claim, this Court finds no basis for distinguishing Wackenhut's liability in the two cases.  The Court adheres to its analysis in *Thacker*: the contract between Chrysler and Wackenhut created a duty on Wackenhut's part to employees during work hours, and genuine issues of material fact exist as to whether Wackenhut breached that duty with regard to the workplace shooting incident in this case.

Therefore, Chrysler's (Doc. 47) and Wackenhut's (Doc. 62) motions for summary judgment (Doc. 47) are denied.

IT IS ORDERED.

     s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE